COOLEY GODWARD LLP
THOMAS J. FRIEL, JR. (80065)
BENJAMIN K. RILEY (112007)
JAMES P. BROGAN (155906)
ANDREW A. KUMAMOTO (178541)
B. DOUGLAS ROBBINS (219413)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:    (650) 843-5000
Facsimile:    (650) 857-0663

Attorneys for Plaintiff
IP LEARN, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IP LEARN, LLC,<br><br>    Plaintiff and Counterdefendant,<br><br>v.<br><br>SABA SOFTWARE INC.; and DOES 1-10,<br><br>    Defendant and Counterclaimant.<br><br>AND RELATED COUNTERCLAIMS. | No. C 02-02634 JW (HRL)<br><br>**IP LEARN LLC'S OPPOSITION TO SABA SOFTWARE, INC.'S MISCELLANEOUS ADMINISTRATIVE REQUEST TO MODIFY SUMMARY JUDGMENT AND CLAIM CONSTRUCTION SCHEDULE**<br><br>Judge:    Honorable James Ware |

## I. INTRODUCTION

Having failed in its attempt to delay IP Learn LLC's ("IP Learn's") case nearly four months ago, Saba Software Inc. ("Saba") has filed the present Miscellaneous Administrative Request asking this Court to grant it the same schedule that was rejected in 2002.

## II. ARGUMENT

### A. *Saba Should Not Be Allowed to Delay IP Learn's Case*

In the schedule proposed by Saba, IP Learn's case would be stayed seven weeks until after the Court rules on Saba's early summary judgment motion. Such delay is unjustified for three

638136 v7/PA
d_#007!.DOC

1.

OPPOSITION TO MISCELLANEOUS
ADMINISTRATIVE REQUEST
CASE NO. C 02-02634 JW (HRL)

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

reasons: (1) Saba's request would upset the balanced approach taken by this Court in the Revised Scheduling Order and replace that approach with one that is unfair and prejudicial to IP Learn; (2) Saba's inability to move for early summary judgment at this time is not sufficient justification for conducting further revisions to the case management schedule; and (3) an indefinite delay in IP Learn's case will lead to significant judicial inefficiencies and costs to the parties.

### 1. Saba's Proposed Schedule Is Prejudicial to IP Learn and Would Upset the Balanced Approached This Court Took Regarding the Case Management Schedule.

Saba's schedule would upset the careful balance of interests that this Court established in its Revised Scheduling Order. (Declaration of B. Douglas Robbins in Support of IP Learn, LLC's Opposition to Saba Software, Inc.'s Miscellaneous Administrative Request to Modify Summary Judgment and Claim Construction Schedule, Ex. 1.) [hereinafter Robbins Decl.] The Revised Scheduling Order layers Saba's "early" summary judgment proceeding on top of a regular schedule under the Patent Local Rules and the Federal Rules. This hybrid schedule allows IP Learn to prepare for, and proceed to trial at a reasonable pace, while at the same time allowing Saba to test its allegations of noninfringement in an early summary judgment proceeding.

In November 2002, this Court rejected Saba's first attempt to delay IP Learn's case, and it should do so again. The June 13, 2003, main-Markman hearing scheduled by the Court is necessary to keep IP Learn's case on track. Under the Patent Local Rules, a series of timed disclosures must occur for the parties to reach the June 13 main-Markman hearing, and the Court's Revised Scheduling Order sets those dates. (*Id.*) Saba asks the Court to delay the date for the Joint Claim Construction Statement by almost three months and to indefinitely delay the main-Markman hearing in this action. (Miscellaneous Administrative Request to Modify Summary Judgment and Claim Construction Schedule, at 3.) [hereinafter Admin. Request] By delaying the main Markman hearing, Saba implicitly seeks to delay all dates leading up to that hearing and, likely, all dates that may follow. For example, we suspect that if the main Markman hearing is delayed by some two to three months, the Court will have no choice but to thereafter continue the full Case Schedule by that same amount of time. It follows that, in seeking to delay the main-Markman Hearing in this action, Saba ultimately seeks to change some fourteen scheduled dates,

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

638136 v7/PA
d_#007!.DOC

2.

OPPOSITION TO MISCELLANEOUS
ADMINISTRATIVE REQUEST
CASE NO. C 02-02634 JW(HRL)

including trial.

To aggravate matters, the timing of the delay sought by Saba can only be approximated. Because Saba's schedule is predicated upon the issuance of an early summary judgment decision by the Court, and because the timing of that decision is unfixed, the Markman hearing date and all dates triggered thereby are left undefined. That situation is simply unworkable, because it deprives IP Learn of a meaningful schedule for advancing its case.

### 2. Saba's Inability to Move for Early Summary Judgment at this Time Is Not Sufficient Justification for Conducting Further Revisions to the Case Management Schedule.

Despite suggestions to the contrary, Saba's noninfringement case against IP Learn is far weaker than initially claimed. In July 2002, Saba served upon IP Learn's counsel a Rule 11 motion asserting that IP Learn and its attorneys failed to perform an adequate investigation of Saba's products before filing suit, and that IP Learn's allegations of infringement have been asserted without any evidentiary support. (Robbins Decl., Ex. 2.) Four months later, at the Case Management Conference, Saba represented to the Court that it was so certain of the strength of its case that Saba was immediately ready to move for Summary Judgment. (Robbins Decl., Ex. 3.)

Saba's most recent statements on noninfringement, however, lack their earlier conviction. Now, Saba suggests that it needs additional information from IP Learn in order to file the very same summary judgment motion it claimed to be prepared to file some four months ago. Before Judge Lloyd last week, for example, Saba expressed a need to see IP Learn's Revised PICS because those documents appeared to be crucial to Saba's summary judgment position. (Robbins Decl., Ex. 4.) Moreover, Saba has yet to identify a single undisputed fact supporting its noninfringement position, despite multiple supplemental interrogatory responses, (Robbins Decl., Exs. 5-8), and extensive meet-and-confers, (*e.g.*, Robbins Decl., Ex. 9). This is not surprising given Saba's repeated attempts at the early Markman hearing to improperly read preferred embodiments from the IP Learn patent specifications into the claims. (Robbins Decl., Ex. 10.) As we explained at the early Markman hearing, such an approach is not permitted under recent Federal Circuit law. *See Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1325 (Fed. Cir. 2003) (holding that "courts must take extreme care when ascertaining the proper scope of the

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

638136 v7/PA
d_#007!.DOC

3.

OPPOSITION TO MISCELLANEOUS
ADMINISTRATIVE REQUEST
CASE NO. C 02-02634 JW(HRL)

claims, lest they simultaneously import into the claims limitations that were unintended by the patentee").

While IP Learn is prepared to accommodate Saba's purported need for additional information and time to prepare its motion for summary judgment, we see no reason why Saba's current inability to bring its early summary judgment motion would justify delaying the main case schedule.

### 3. Saba's Proposed Scheduling Delay Would Be Costly to the Parties and Waste Judicial Resources

Saba argues that the Joint Claim Construction Statement due date should be "pushed out" by almost three months, and that the main Markman hearing in this action should be indefinitely delayed until after the Court adjudicates its early motion for summary judgment. Saba argues this delay will "conserve the recourses of the parties and the Court." (Admin. Request, at 2:21-22.) But, resources will be conserved only if Saba prevails on its motion for summary judgment, and so far, there is no good indication that it will.

Moreover, Saba's early summary judgment proceeding and its associated bifurcated Markman schedule have already resulted in, and continue to exact, significant judicial inefficiencies and expense to the parties. According to the current schedule, the parties must prepare for, brief, and argue two sets of Markman issues, instead of one. And, at least currently, Saba appears bent on taking two bites at the apple with respect to several claim terms. These terms include "institute user," "learning user," "pays to access," and "materials regarding the learning user," (Robbins Decl., Ex. 11), all of which were addressed at last month's early-Markman hearing. But, that is not the end of it, as Saba now proposes constructions that are different from those that it initially asserted and argued.[1] Given this pattern of behavior, there is no reason to believe that, after the early summary judgment process is completed, Saba will not seek to rehash the same or similar issues following the close of discovery.

---

[1] For example, at the early Markman, Saba defined "learning user" as "an individual user." (Robbins Decl., Ex. 12.) But now, Saba defines "learning user" as "an individual that provides personal information (such as the individual user's name, contact information, educational background, work experience, work preferences, and learning preferences), in exchange for free or reduced-price access to learning materials." (Robbins Decl., Ex. 11.)

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

638136 v7/PA
d_#007!.DOC

4.

OPPOSITION TO MISCELLANEOUS
ADMINISTRATIVE REQUEST
CASE NO. C 02-02634 JW(HRL)

**B.  *Saba May Continue Its "Early" Summary Judgment Motion to Any Day Acceptable to This Court***

As explained above, IP Learn has no objection to providing Saba with additional information and time to prepare its "early" motion for summary judgment.  But, IP Learn does object to modifying the main case schedule to accommodate that filing.  That being said, if Saba elects to file its "early" summary judgment motion on May 5, 2003, IP Learn respectfully suggests that the Court set the hearing of that motion to coincide with the main Markman hearing, now set for June 13, 2003.

### III. CONCLUSION

For the reasons recited above, IP Learn respectfully requests that this Court deny Saba's request to modify the main case schedule set forth in the November 25, 2002, Revised Scheduling Order issued by the Court.

Dated: March 13, 2003

COOLEY GODWARD LLP

By:     /s/ B. Douglas Robbins
         B. Douglas Robbins

Attorneys for Plaintiff IP LEARN, LLC

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

638136 v7/PA
d_#007!.DOC

5.

OPPOSITION TO MISCELLANEOUS
ADMINISTRATIVE REQUEST
CASE NO. C 02-02634 JW(HRL)