| | |
|---|---|
| 1 | MICHAEL A. JACOBS (CA SBN 111664) |
| | WESLEY E. OVERSON (CA SBN 154737) |
| 2 | FREDERICK S. CHUNG (CA SBN 183337) |
| | DAVID E. MELAUGH (CA SBN 219477) |
| 3 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 4 | San Francisco, California  94105-2482 |
| | Telephone: (415) 268-7000 |
| 5 | Facsimile: (415) 268-7522 |
| 6 | Attorneys for Defendant |
| | SABA SOFTWARE, INC. |
| 7 | |

8    UNITED STATES DISTRICT COURT

9    NORTHERN DISTRICT OF CALIFORNIA

10   SAN JOSE DIVISION

11

| | | | |
|---|---|---|---|
| 12 | IP LEARN, LLC, | No. | C 02-02634 JW |
| 13 | Plaintiff and Counterdefendant, | **SABA SOFTWARE, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT RE: THE '448 AND '556 PATENTS** | |
| 14 | v. | | |
| 15 | SABA SOFTWARE INC.; and DOES 1-10, | | |
| 16 | Defendant and Counterclaimant. | Date: | June 9, 2003 |
| | | Time: | 9:00 a.m. |
| 17 | | Judge: | Hon. James Ware |
| | | Courtroom: | 8, 4th Floor |
| 18 | | | |

19   TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

20          PLEASE TAKE NOTICE that, pursuant to the Court's March 21, 2003 Order Granting

21   Defendant Saba Software Inc.'s Miscellaneous Administrative Request To Modify Summary

22   Judgment And Claim Construction Schedule, on June 9, 2003, at 9:00 a.m. before the Honorable

23   James Ware, Saba Software, Inc. will, and hereby does, move this Court for summary judgment

24   of non-infringement of U.S. Patent Nos. 6,126,448 and 6,398,556.

25

26

27

28

**INTRODUCTION**

Through this motion, defendant Saba Software, Inc. ("Saba") seeks summary judgment of non-infringement concerning two of the five patents asserted in this case: U.S. Patent No. 6,126,448 (the "'448 patent") and U.S. Patent No. 6,398,556 (the "'556 patent").

The '448 patent describes and claims a method and apparatus for determining what a user needs to learn, searching a company's documents for elements of learning materials, extracting the documents that address that user's needs from the larger set of the company's documents, creating learning materials based on those extracted documents, then presenting the final product to the user. (Declaration of David E. Melaugh in Support of Saba Software Inc.'s Motions for Summary Judgment ("Melaugh Decl."), Ex. D ('448 patent).)

Saba Learning does not do this. Saba Learning provides no means by which documents can be searched and extracted to create learning materials. (*See* Declaration of Jodie Kalikow in Support of Saba Software, Inc.'s Motions for Summary Judgment ("Kalikow Decl."), ¶ 18.) Moreover, Saba Learning does not create learning materials to meet the needs of individual users. (*Id.* ¶ 9.) Because Saba's products do not meet these limitations, IP Learn's claim of infringement should be dismissed.

The '556 patent claims a business method wherein a "learning user" divulges personal information in exchange for learning materials at a reduced or zero cost, and an "institute user" pays for access to such personal information, thereby subsidizing the learning user's education. (*See* Melaugh Decl., Ex. E ('556 patent) at 3:31-39.)

Saba licenses software and provides related support and development services. (Kalikow Decl., ¶ 20.) It does not sell personal information about "learning users," nor do Saba's customers pay to access such information. (*Id.*) Therefore, summary judgment as to the '556 patent should also be granted.[1]

---

[1] For a more complete discussion of this case's procedural history, please see the Background section of Saba Software, Inc.'s Motion for Summary Judgment of Non-Infringement and Invalidity re: the '486 Family of Patents, filed herewith.

**ARGUMENT**

I.  **SABA LEARNING DOES NOT "SEARCH" OR "EXTRACT" DOCUMENTS, DOES NOT "CREATE" LEARNING MATERIALS, AND THEREFORE DOES NOT INFRINGE THE ASSERTED CLAIMS FROM THE '448 PATENT.**

The 21 claims IP Learn has asserted against Saba from the '448 patent all depend on independent claims 1 and 35.[2] Claim 1 and dependents are method claims; claim 35 and dependents are apparatus claims — otherwise, the claims are essentially identical. IP Learn claims that no term from this patent requires construction.[3] (Melaugh Decl., Ex. H.) The claim limitations discussed below are found in both claim 1 and claim 35, and the arguments therefore apply to all asserted claims. Because Saba does not infringe the independent claims, it necessarily does not infringe the dependent claims.

The '448 patent claims the step of "*searching* at least some of the documents to *extract* more than one documents to be the learning materials." (*See*, *e.g.*, Melaugh Decl., Ex. D ('448 patent) at 11:59-61 (*emphasis is added*); *see also id.* at 14:6-11.) This Court defined "searching" as "electronically searching documents to *create* learning materials from the documents searched." (Melaugh Decl., Ex. G (Order re: Claims Construction, entered March 21, 2003) at 7:22-24 (*emphasis added*).)

A.  **IP Learn's Preliminary Infringement Contentions Do Not Identify An Element Of Saba Learning That "Searches" or "Extracts" Document Or That "Creates" Learning Materials.**

IP Learn's preliminary infringement contentions ("PICs") indicate only that "learners can search the Catalog to find classes and products," not that "documents" are searched and extracted

---

[2] IP Learn has asserted claims 1, 2, 3, 4, 10, 14, 15, 16, 17, 26, 32, 33, 34, 35, 36, 37, 38, 39, 45, and 46 of the '448 patent against the Enterprise edition of Saba Learning, and claims 1, 2, 3, 4, 5, 10, 14, 15, 16, 17, 26, 33, 34, 35, 36, 37, 38, 39, 45, and 46 against the ASP edition. For the purposes of this motion (as to both patents), however, there are no salient differences between the editions.

[3] Saba has identified other terms from the '448 and '556 patents that merit construction by this Court in the applicable Patent Local Rules disclosures. For the purposes of this motion, however, Saba does not believe the Court need construe any terms other than those addressed in the Court's Order re: Claims Construction. (Melaugh Decl., Ex. G.)

to be the learning materials.[4]  (Appendix A to Supplemental Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PICs Chart") at 58 & 78 (attached as Ex. F to Melaugh Decl.).)  On this ground alone, Saba's motion should be granted.

### B. Saba Learning Does Not Allow Users To Search Documents, And It Does Not Create Or Extract Documents.

To the extent that "documents" exist in the Saba Learning system, they exist within a particular catalogue offering and are accessible only by enrolling in that offering.  (Kalikow Decl., ¶ 18.)  For example, a law firm wishing to train a Senior Associate in the competency of "Case Management" might set-up a catalogue offering entitled "Document Management," and include in that offering a document entitled "Organizing Electronic Documents."  Saba Learning provides no way for the user to search for that document.  The user can only get to that document by checking what catalogue offerings have been associated with a competency, locating the "Document Management" catalogue offering, and enrolling in that offering.  It is not possible to run a search that would go through the documents themselves.  (*Id.* ¶¶ 9, 11, 18.)

Moreover, the Saba Learning system does not ever "create" learning materials through any kind of search.  Instead, the employer creates the learning materials and places them in the catalogue offering at the set-up stage.  (*Id.* ¶¶ 9, 11.)

Finally, documents are never "extracted" to be the learning materials.  When the user enrolls in a catalogue offering or course, he or she can then open any document that the employer has put into the course.  (*Id.* ¶ 19.)  Such a document is not extracted or culled from some larger set of documents to create learning materials; it has already been placed in the course by the employer.  (*Id.*)

---

[4] As set forth in Saba Software, Inc.'s Motion for Summary Judgment of Non-Infringement and Invalidity re: the '486 Family of Patents, filed herewith, at 3-4, the Court should not allow IP Learn to oppose summary judgment with novel theories of where the infringing elements are located in Saba's products that are not found in its PICs.

## II. NEITHER SABA NOR ITS CLIENTS PAY A FEE TO ACCESS USERS' PERSONAL MATERIAL, AND THEREFORE SABA DOES NOT INFRINGE THE ASSERTED CLAIMS FROM THE '556 PATENT.

The 34 claims IP Learn has asserted against Saba from the '556 patent all depend on Claim 1, Claim 25, or Claim 53.[5] IP Learn claims that no term from this patent requires construction. (Melaugh Decl., Ex. H.)

Those three claims each involve a step in which an "institute user pays to access materials regarding at least one learning user." (Melaugh Decl., Ex. E ('556 patent) at 13:4-7, 14:29-32, 17:26-36.) This Court defined that step as meaning that: "an organization pays a fee to access personal material regarding at least one individual user." (Melaugh Decl., Ex. G at 7:25-27.) The Court's definition reflects the fundamental "exchange" claimed by the '556 patent: a "learning user" exchanges personal information for free or reduced-cost learning materials, and an "institute user" exchanges payment for access to the learning user's personal information. (*See*, *e.g.*, Melaugh Decl., Ex. E ('556 patent) at 3:31-39.)

### A. IP Learn's Preliminary Infringement Contentions Fail To Identify An Element Of Saba Learning In Which "an organization pays a fee to access personal material regarding at least one individual user."

Far from demonstrating a credible case for infringement, IP Learn's PICs support this non-infringement position. When required to identify specifically where the "pays to access" element in the asserted claim was found within Saba Learning, IP Learn pointed only to Saba's 10-K filings as evidence that Saba sells access to personal material. (N.D. Cal. Patent Local Rule 3-1(c); Melaugh Decl., Ex. F (PICs Chart) at 97.) The 10-K filing cited by IP Learn makes clear that Saba derives revenue from "licensing Saba Learning Enterprise Edition, and providing related services, including implementation, consulting, support, hosting, and education." (Melaugh Decl., Ex. L (10-K pages cited by IP Learn) at 11.) Nowhere does it state that Saba sells access to personal material regarding an individual user.

---

[5] IP Learn has asserted claims 1, 2, 3, 5, 7, 8, 10, 11, 14, 22, 23, 25, 26, 53, 54, 56, 57, 58, 59, 60, 61, 64, 65, 67, 68, 72, 73, 77, 78, 79, 80, and 84 of the '556 patent against the Enterprise edition of Saba Learning, and claims 1, 2, 3, 5, 10, 11, 14, 23, 25, 26, 53, 54, 56, 57, 58, 59, 60, 61, 64, 65, 67, 68, 71, 72, 73, 74, 77, 78, 79, 80, and 84 against the ASP edition.

      **B.    Saba Clients Pay For Software, Not "access [to] personal material regarding at least one individual user."**

Unlike the system claimed by the patent, Saba's clients pay to license Saba Learning, *a software product*, and for related technical and development support. (Kalikow Decl., ¶ 20.) They do not pay to access personal material about learning users. (*Id.*)

## CONCLUSION

For the foregoing reasons, Saba respectfully requests that the Court find that Saba does not infringe any claim asserted by IP Learn from the '448 and '556 patents.

Dated: May 5, 2003

                                      MICHAEL A. JACOBS
                                      WESLEY E. OVERSON
                                      FREDERICK S. CHUNG
                                      DAVID E. MELAUGH
                                      MORRISON & FOERSTER LLP

                                      By:    s/Michael A. Jacobs
                                                 Michael A. Jacobs

                                      Attorneys for Defendant
                                      SABA SOFTWARE, INC.