1   MICHAEL A. JACOBS (CA SBN 111664)
    WESLEY E. OVERSON (CA SBN 154737)
2   FREDERICK S. CHUNG (CA SBN 183337)
    DAVID E. MELAUGH (CA SBN 219477)
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Telephone: (415) 268-7000
5   Facsimile: (415) 268-7522

6   Attorneys for Defendant
    SABA SOFTWARE, INC.

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12  IP LEARN, LLC,                        No.      C 02-02634 JW

13       Plaintiff and Counterdefendant,  SABA SOFTWARE, INC.'S  REPLY
                                          IN SUPPORT OF MOTION FOR
14       v.                               SUMMARY JUDGMENT OF NON-
                                          INFRINGEMENT RE: THE '448
15  SABA SOFTWARE INC.; and DOES 1-10,    AND '556 PATENTS

16       Defendant and Counterclaimant.   Date:       June 9, 2003
                                          Time:       9:00 a.m.
17                                        Judge:      Hon. James Ware
                                          Courtroom:  8, 4th Floor
18

19

20

21

22

23

24

25

26

27

28

1    **INTRODUCTION**

2    The two patents addressed in this motion — U.S. Patent Nos. 6,126,448 (the "'448

3    patent") and 6,398,556 (the "'556 patent") — present particularly simple cases for summary

4    judgment.  As to the '448 patent, IP Learn has attempted in its Opposition to offer entirely new

5    infringement contentions.  The Court should prevent this violation of the Patent Local Rules by

6    disregarding IP Learn's new contentions.  Even if the Court allows IP Learn's new infringement

7    contentions, however, IP Learn has claimed only that the new products it identifies in its

8    Opposition perform two of the four steps claimed by the '448 patent.  Neither these products, nor

9    any combination of Saba's products, though, perform all four steps claimed by the patent.

10   As to the '556 patent, IP Learn has attempted to manufacture a triable issue of fact using

11   expert testimony.  However, IP Learn's expert is simply opining as to the legal conclusions the

12   Court should draw from undisputed facts.  It is undisputed that Saba licenses software to its

13   customers and does not sell access to personal information, as required by the '556 patent.

14   Summary judgment is therefore appropriate.

15   **ARGUMENT**

16   **I.      IP LEARN SHOULD BE PRECLUDED FROM SURPRISING SABA WITH**
17   **NEW INFRINGEMENT CONTENTIONS REGARDING THE '448 PATENT IN ITS OPPOSITION.**

18   IP Learn's court-ordered preliminary infringement contentions ("PICs") identify only one

19   feature of Saba Learning as infringing the '448 patent by "searching," "extact[ing]," and

20   "creating" documents:  the feature that allows users to search for classes that match certain

21   competency requirements.  (Declaration Of David E. Melaugh In Support Of Saba Software,

22   Inc.'s Motions For Summary Judgment, filed May 5, 2003 ("Melaugh Opening Decl."), Ex. F

23   ("Appendix A to Supplemental Disclosure of Asserted Claims and Preliminary Infringement

24   Contentions" ("PICs Chart")) at 58 & 78.)  As a result, that was the only feature addressed by

25   Saba's opening summary judgment brief.

26   IP Learn's opposition briefing and supporting declaration, on the other hand, contain

27   extensive discussion concerning three products *other than* Saba Learning:  Saba Content, Saba

28   Content Builder, and Saba Publisher.  As IP Learn knows, these products are separate from Saba

1    Learning — customers pay an extra fee to obtain these products, and they have distinct source

2    code, documentation, responsible Saba personnel, *etc.*  (*See* Reply Declaration Of David E.

3    Melaugh In Support Of Saba Software, Inc.'s Motions For Summary Judgment, filed herewith

4    ("Melaugh Reply Decl."), Ex. A (April 10, 2003 Deposition Transcript of Jodie Kalikow), at

5    17:18-22, 23:20-23; 26:8-18; *see also* Reply Declaration Of Jodie Kalikow In Support Of Saba

6    Software, Inc.'s Motions For Summary Judgment, filed herewith ("Kalikow Reply Decl."), ¶¶ 9-

7    11.)

8           For the reasons articulated in Saba Software, Inc.'s Reply In Support Of Its Motion For

9    Summary Judgment Of Non-Infringement And Invalidity Re: The '486 Family Of Patents (*see*

10   Section I) and its Objections To Contentions Offered By IP Learn In Its Opposition To Saba's

11   Motions For Summary Judgment, both filed herewith, IP Learn should be precluded from

12   identifying entirely new infringing products and features not disclosed in its PICs.

13       **II.      EVEN IF THE COURT CONSIDERS IP LEARN'S NEW CONTENTIONS,
14            IP LEARN HAS FAILED TO DEMONSTRATE THAT SABA'S
              PRODUCTS PERFORM ALL OF THE STEPS CLAIMED BY THE '448
15            PATENT.**

16          Unfortunately, IP Learn's tactics force Saba to address an entirely new theory of

17   infringement on reply.  IP Learn appears to have dropped its claim under the '448 patent against

18   Saba Learning, and now accuses Saba's authoring tools of infringement.  These tools (Saba

19   Content, Saba Content Builder, and Saba Publisher) enable companies to create their own

20   learning content.  IP Learn claims that these tools are capable of searching, extracting, and

21   creating documents.  IP Learn has failed to come forward with any facts, however, demonstrating

22   that any Saba product, or even a combination of Saba products, performs *all* the steps required by

23   the '448 patent as set forth in the claims.  Claim 1 of the '448 patent describes a method "for

24   helping a user regarding a job in a company" involving the following steps:

25          •   "retrieving, by a computer, a job position, which identifies the one or more jobs

26              needed to be done for the job position;"

27          •   "determining, by the computer, whether learning materials should be presented to

28              the user, with the materials helping the user learn about the one or more jobs;"

1         •   "searching at least some of the documents to extract more than one documents to

2              be the learning materials;" and,

3         •   "organizing at least some of the extracted documents based on one or more rules to

4              prioritize them."

5 (Melaugh Opening Decl., Ex. D ('448 patent) at 11:43-63; *see also id.* at 13:57-14:10 (similar

6 language from patent's apparatus claim).)[1]

7         Employees using Saba Learning can retrieve a list of competencies related to their jobs, a

8 feature that IP Learn presumably claims fulfills the "retrieving" and "determining" steps. The

9 Court construed the third step to mean "electronically searching documents to create learning

10 materials from the documents searched." (Melaugh Opening Decl., Ex. G (Order re: Claims

11 Construction, entered March 21, 2003) at 7:22-24.) The employee using Saba Learning does not

12 perform the "searching" or "organizing" steps. (Kalikow Reply Decl., ¶¶ 12, 14.)

13         Separately, content administrators can use Saba Content, Saba Content Builder, and/or

14 Saba Publisher to author learning content, a feature that IP Learn claims for the first time in its

15 opposition fulfills the "searching" and "organizing" steps. (*Id.* ¶ 13.) Conspicuously missing

16 from IP Learn's PICs, Opposition briefing, and expert declaration, however, is any indication that

17 all four steps ever occur in succession by the same user as set forth in the claims.

18         In fact, they do not. (*Id.* ¶¶ 12-14.) There are two separate types of users (employees

19 finding out what competencies have been associated with their job positions vs. administrators

20 creating course material) using separate products (Saba Learning vs. Saba Content, Builder,

21 and/or Publisher) for separate purposes (learning vs. authoring). (*Id.*) There is no evidence,

22 either in IP Learn's PICs or its Opposition, indicating that the steps claimed by the '448 patent are

23 ever carried out together by a single user, and, therefore, summary judgment is appropriate.

24

25

26         ——————————————

27         [1] As noted in Saba's opening brief, all of the claims asserted from the '448 patent depend
on one of these two claims.

28

1      **III.     IP LEARN HAS FAILED TO DEMONSTRATE THAT SABA OR ITS
              CLIENTS PAY A FEE TO ACCESS USERS' PERSONAL MATERIAL.**

2

3              Despite IP Learn's protestations to the contrary, there are plainly no disputed facts with

4      regard to the '556 patent.[2]  Both parties agree that Saba's customers pay licensing fees to Saba in

5      exchange for receiving software.  (Declaration of William Horton, filed May 19, 2003, ¶ 79.)

6      Both parties agree that this software may be used to enable the purchaser to monitor the learning

7      progress of users.  (*Id.* ¶ 73.)  What the parties disagree upon is what *legal* conclusion as to

8      infringement one can draw from those two facts.  On this point, expert testimony is irrelevant.

9              IP Learn claims that licensing software infringes the '556 patent.  This argument was

10     rejected in the Court's claim construction, which requires that "an organization pay[] a fee to

11     access personal material regarding at least one individual user."  (Melaugh Opening Decl., Ex. G

12     at 7:25-27.)  Indeed, the Court explicitly signaled its intention to reject this theory of infringement

13     during oral argument:

14                      [The] kind of analysis that I [have been] invited to make does give
                        the court concern that . . . this [patent] was intended to reach an
15                      ordinary licensing situation.  And since I would regard that as being
                        too broad for purposes of claiming something new and inventive,
16                      I'm certain the patentee had something else in mind and my
                        definition would reflect that.
17

18     (Melaugh Reply Decl., Ex. B (Transcript of Feb. 7, 2003 Claim Construction Hearing) at 70:12-

19     20.)[3]

20             IP Learn's opposition seeks to revisit the argument it lost during claim construction with a

21     new citation to the specification.  (Opposition to Saba Software Inc.'s Motion for Summary

22

23         ――――――――――――――
              [2] IP Learn argues that only "claims 1, 25 and 53" are at issue in this motion.  However,
24     every other asserted claim depends on those three claims.  Without infringement of the
       independent claim, there can necessarily be no infringement of claims that depend upon it.  *See,*
25     *e.g.*, *Manchak v. Chem. Waste Mgmt., Inc.*, Case No. 98-1530, 1999 U.S. App. LEXIS 32001, at
       *11 (Fed. Cir. Dec. 6, 1999) ("it is axiomatic that dependent claims cannot be found infringed
26     unless the claims from which they depend have been found to have been infringed").

              [3] *See also id.* at 71:1-23 (Court suggests at claim construction hearing that if IP Learn's
27     construction were adopted, Westlaw would infringe).

28

1  Judgment of Non-Infringement Re: The '448 and '556 Patents, filed May 19, 2003, 3:16-18.)

2  However, the very text of the patent that IP Learn cites supports Saba's position:

3
4
5
6

> For example, *institute users pay* much more *to query information from the apparatus* than learning users to access learning materials from the apparatus.  In one embodiment, learning users are paying significantly less when the annual payment or annual subscription fee of a learning user is less than 1/500 times of that [*sic*] of an institute user.

7  (Melaugh Opening Decl., Ex. E ('556 patent) at 9:13-18 (emphasis added).)  As reflected in this

8  language, institute users pay for information; they do not pay for licenses to software.  Because

9  Saba's customers pay for software licenses and not for access to personal material, summary

10  judgment is appropriate.[4]  (Declaration of Jodie Kalikow in Support of Saba Software, Inc.'s

11  Motions for Summary Judgment, filed May 5, 2003, at ¶ 20.)[5]

12
13

### IV.   IP LEARN HAS FAILED TO IDENTIFY THE PARTY THAT PERFORMS THE *METHODS* CLAIMED BY THE '448 AND '556 PATENTS.

14         Claims 1, 2, 3, 4, 5, 10, 14, 15, 16, 17, 26, 33, and 34 of the '448 patent and claims 1, 2, 3,

15  5, 7, 8, 10, 11, 14, 22, 23, 53, 54, 56, 57, 58, 59, 60, 61, 64, 65, 67, 68, 71, 72, 73, 74, 77, 78, 79,

16  80, and 84 of the '556 patent are method claims.  IP Learn does not and cannot assert that Saba

17  infringes these claims directly.  Thus, IP Learn must allege that Saba somehow indirectly

18  infringes the patents through its customers.  However, as with every other method claim asserted

19  from the patents in suit, IP Learn has failed to come forward with any facts demonstrating that

20  Saba, with knowledge of the patent, indirectly infringed these claims.  Please see Section II of

21  Saba Software, Inc.'s Reply In Support Of Its Motion For Summary Judgment Of Non-

22  Infringement And Invalidity Re: The '486 Family Of Patents for more discussion of this point.

23  ────────────────────

24  [4] Moreover, as to the asserted apparatus claims (25 & 26), IP Learn has failed to identify the element of Saba Learning that performs the step of collecting payment from institute users for
25  access to personal information.  To date, IP Learn has pointed only to Saba's 10-k as evidence of infringement on this point.  Presumably, however, the 10-k itself is not the infringing "apparatus."

26  [5] In the last gasp of its Opposition briefing, IP Learn claims that the "doctrine of equivalents" saves its case for infringement.  However, IP Learn has come forward with no facts
27  in support of this theory of infringement.

28

1   For this reason alone, summary judgment is appropriate as to all asserted method claims from the

2   '448 and '556 patents.

3                                          **CONCLUSION**

4          For the foregoing reasons, Saba respectfully requests that the Court find that Saba does

5   not infringe any asserted claim of the '448 and '556 patents.

6   Dated:  May 28, 2003                    MICHAEL A. JACOBS
                                            WESLEY E. OVERSON
7                                           FREDERICK S. CHUNG
                                            DAVID E. MELAUGH
8                                           MORRISON & FOERSTER LLP

9

10                                          By:    s/Michael A. Jacobs
                                                   Michael A. Jacobs
11
                                            Attorneys for Defendant
12                                          SABA SOFTWARE, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28