MICHAEL A. JACOBS (CA SBN 111664)
WESLEY E. OVERSON (CA SBN 154737)
FREDERICK S. CHUNG (CA SBN 183337)
DAVID E. MELAUGH (CA SBN 219477)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendant
SABA SOFTWARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IP LEARN, LLC,<br><br>  Plaintiff and Counterdefendant,<br><br>  v.<br><br>SABA SOFTWARE INC.; and DOES 1-10,<br><br>  Defendant and Counterclaimant. | No.   C 02-02634 JW<br><br>**SABA SOFTWARE, INC.'S OBJECTIONS TO CONTENTIONS AND EVIDENCE OFFERED BY IP LEARN IN ITS OPPOSITION TO SABA'S MOTIONS FOR SUMMARY JUDGMENT**<br><br>Date:        June 9, 2003<br>Time:        9:00 a.m.<br>Judge:       Hon. James Ware<br>Courtroom:  8, 4th Floor |

**INTRODUCTION**

The Northern District's Patent Local Rules require IP Learn to produce "[a] chart identifying *specifically where* each element of each asserted claim is found within each Accused Instrumentality." (Patent L.R. 3-1(c) (emphasis added).)  IP Learn had not one, but two opportunities to come forward with preliminary infringement contentions ("PICs") that satisfy the Local Rules.  IP Learn drafted it most recent contentions one month before the due date for Saba's summary judgment motions — a schedule requested by Saba specifically so it could rely on the contentions as the basis for its motions.  In drafting its PICs, IP Learn had the benefit of tens of thousands of pages of Saba's technical documentation, the source code for the accused products, and months of time in which to review that material.  (Declaration Of David E. Melaugh In Support Of Saba Software, Inc.'s Motions For Summary Judgment, filed May 5, 2003 ("Melaugh Opening Decl."), ¶ 7.)

Nevertheless, for the first time in its opposition, IP Learn identifies three new places "specifically where" the disputed elements of the asserted claims are found and attempts to introduce evidence it claims supports these new infringement contentions.  (*See* Opposition to Saba Software Inc.'s Motion for Summary Judgment of Non-Infringement and Invalidity Re: the '448 Family of Patents ("'486 Opposition"), Sections III.B.3 & III.B.4; Opposition to Saba Software Inc.'s Motion for Summary Judgment of Non-Infringement Re: the '448 and '556 Patents, filed May 19, 2003 ("'448/'556 Opposition"), Section III.B.)

IP Learn's interrogatory responses have similarly concealed the support for its argument that the '486 family of patents are valid in light of the prior art offered by Saba.  In every instance, IP Learn's response to targeted interrogatories was limited to some variation of the same rote text:  "The cited material does not teach, suggest or render obvious a system that [quotation of claim language]."  (*See*, *e.g.*, Melaugh Opening Decl., Ex. N, Table 1 at 1.)  In its opposition, IP Learn seeks to present detailed validity defenses, supported by a 141-paragraph expert declaration.  (*See* IP Learn's '486 Opposition, Section III.D.)

Saba warned the Court in its opening brief that IP Learn might try to violate the Federal and Local Rules in this fashion — indeed, Saba chose this as the lead section for its brief.  (Saba

1  Software, Inc.'s Motion For Summary Judgment Of Non-Infringement And Invalidity Re: The
2  '486 Family Of Patents, at 3-4.)  Nevertheless, IP Learn offers no defense for its actions, entirely
3  ignoring this section of Saba's opening brief.

### I. IP LEARN'S NEW INFRINGEMENT CONTENTIONS SHOULD BE REJECTED.

6  As the Court is well aware, the Local Rules require a party alleging infringement to
7  produce "[a] chart identifying *specifically where* each element of each asserted claim is found
8  within each Accused Instrumentality." (Patent L.R. 3-1(c) (emphasis added).)  IP Learn's first
9  PICs chart was woefully inadequate.  In many instances, it simply repeated the claim language,
10 with no indication at all as to "specifically where" in Saba Leaning the asserted claim element
11 was found.  Saba successfully moved to compel competent PICs from IP Learn.
12     IP Learn produced those court-ordered amended PICs on April 4, 2003.  Every document
13 cited in those PICs was produced by Saba voluntarily in July 2002 or in October 2002.  (*See*
14 Melaugh Opening Decl., ¶ 7; Reply Declaration Of David E. Melaugh In Support Of Saba
15 Software, Inc.'s Motions For Summary Judgment, filed herewith ("Melaugh Reply Decl."), ¶ 4.)
16 Saba relied on those PICs in drafting its summary judgment motions.  Indeed, Saba specifically
17 sought (and received) a summary judgment schedule from this Court that would allow Saba time
18 to review and respond to the PICs.  (*See* Declaration of Wayne Stacey, filed May 19, 2003, Ex. 3
19 (Order Granting Saba Software, Inc.'s Miscellaneous Administrative Request to Modify
20 Summary Judgment and Claim Construction Schedule).)
21     In its opposition briefing, however, IP Learn for the first time introduces three new
22 infringement contentions:
23 • IP Learn's PICs claim only that the "certification" feature of Saba Learning uses
24   "relationship rules, which determine the relationship between at least two line-items"
25   for "performing inferences on the one or more scores based on the set of relationship
26   rules to generate a recommendation." (Melaugh Opening Decl., Ex. F ("Appendix A
27   to Supplemental Disclosure of Asserted Claims and Preliminary Infringement
28   Contentions" ("PICs Chart")) at 19-20.)  IP Learn's opposition alleges, for the first

1    time, that the question weighting feature of Saba Learning performs this claimed step.
2    (Declaration of William Horton, filed May 19, 2003 ("Horton Decl."), ¶ 59; *see also*
3    *id.*, ¶ 56-58; '486 Opposition, Section III.B.3.)

- IP Learn's PICs likewise claim only that the "certification" feature of Saba Learning applies a "complexity-hierarchy to . . . overall scores to generate a recommendation." (Melaugh Opening Decl., Ex. F (PICs Chart) at 22-23.)  IP Learn's opposition alleges, for the first time, that the question weighting feature of Saba Learning performs this claimed step.  (Horton Decl. ¶¶ 56-58; '486 Opposition, Section III.B.4.)

- IP Learn's PICs claim only that course searches performed in Saba Learning perform the steps of "searching," "extract[ing]," and "creating" documents.  (Melaugh Opening Decl., Ex. F (PICs Chart) at 58 & 78.)  IP Learn's opposition alleges, for the first time, that *separate products* (Saba Content, Saba Content Builder, and Saba Publisher) perform these claimed steps.  (Horton Decl. ¶¶ 63-71; *see also* '448/'556 Opposition, Section III.B; Melaugh Reply Decl., Ex. A (April 10, 2003 Deposition Transcript of Jodie Kalikow) at 17:18-22, 23:20-23 & 26:8-18; Reply Declaration Of Jodie Kalikow In Support Of Saba Software, Inc.'s Motions For Summary Judgment, filed herewith ("Kalikow Reply Decl."), ¶¶ 9-11.)

On these points, IP Learn cites no newly produced document as support.[1]  (Horton Decl. ¶¶ 56-58 (regarding complexity-hierarchy, citing nothing); ¶ 59 (regarding relationship rules, citing nothing); ¶¶ 63-71 (regarding document searching, citing documents produced by Saba in July and October 2002).)  And IP Learn offers no defense of its effort to surprise Saba with new infringement contentions.  Saba was concerned that IP Learn might attempt such a tactic, and therefore highlighted that possibility as the first substantive section of its opening brief.  (Saba Software, Inc.'s Motion For Summary Judgment Of Non-Infringement And Invalidity Re:  The '486 Family Of Patents, at 3-4.)  IP Learn gives no excuse for its conduct.

---

[1] Nor do these new infringement contentions cite any of the deposition testimony of Jodie Kalikow or Rich Ellinger, given April 9-10, 2003.

1   Moreover, IP Learn has ignored the specific mechanism provided by the Local Rules by
2   which a plaintiff may introduce new infringement contentions: Patent Local Rule 3-7.[2]  IP Learn
3   has not sought the Court's leave to amend its PICs pursuant to Rule 3-7.  Even if it were to do so,
4   IP Learn would be hard pressed to justify why there is good cause for such amendment given the
5   amount of time IP Learn had to review the technical material supporting its new infringement
6   contentions, for, as noted above, the only documents cited by IP Learn in support of the new
7   contentions were produced to IP Learn in July and October 2002.
8   If Patent Local Rules 3-1(requiring PICs) and 3-7 (requiring permission of the Court to
9   amend) are to have any meaning, IP Learn should be prohibited from offering surprise
10  amendments to its PICs by way of its Opposition briefing.  The Court should therefore disregard
11  paragraphs 56-58 and 63-71 of the Horton Declaration, in which IP Learn attempts to offer these
12  new infringement contentions.

## II. IP LEARN SHOULD BE HELD TO ITS INTERROGATORY RESPONSES REGARDING THE VALIDITY OF ITS PATENTS.

15  On March 18, 2003, Saba served interrogatories on IP Learn seeking the basis for IP
16  Learn's belief that its patents were valid in light of the prior art and Saba's preliminary invalidity
17  contentions.  Saba presented IP Learn with detailed invalidity contentions and asked IP Learn to
18  respond, on an element-by-element basis, why it contended its patents were valid in light of the
19  prior art disclosed by Saba and Saba's invalidity contentions applying the art to IP Learn's
20  patents.[3]  (Melaugh Opening Decl., Ex. N.)  For every element, IP Learn replied with some
21  variation of: "The cited material does not teach, suggest or render obvious a system that
22  [quotation of claim language]."  (*See*, *e.g.*, *id.* at Table 1 at 1.)

---

[2] The Patent Local Rules also allow an automatic amendment to infringement contentions following the Court's claim construction ruling.  *See* N.D. Cal. Patent Local Rule 3-6.  As IP Learn's amended PICs came after the Court's recent preliminary claim construction ruling, Local Rule 3-6 is not applicable.  (*See* Melaugh Opening Decl., Exs. F (IP Learn's amended PICs, served April 4, 2003) & G (Court's claim construction order, entered March 21, 2003.)

[3] IP Learn served similar interrogatories on Saba, requesting that Saba produce element-by-element "non-infringement" contentions.

1   IP Learn should be held to that response, so that it cannot profit from the surprise element
2   in its opposition to summary judgment.[4] Of course, the Court still has the obligation to examine
3   the prior art and compare it to the asserted claims. Given IP Learn's concealment of its validity
4   arguments, however, that effort should be undertaken with reference only to the Court's own
5   analysis, Saba's briefing, and the minimal evidence and argument present in IP Learn's
6   interrogatory responses.

## CONCLUSION

For the foregoing reasons, this Court should disregard IP Learn's new infringement contentions, offered for the first time in its opposition briefing, and hold IP Learn to its interrogatory responses regarding the validity of the '486 family of patents.

Dated: May 28, 2003

MICHAEL A. JACOBS
WESLEY E. OVERSON
FREDERICK S. CHUNG
DAVID E. MELAUGH
MORRISON & FOERSTER LLP


By:   s/Michael A. Jacobs
      Michael A. Jacobs

Attorneys for Defendant
SABA SOFTWARE, INC.

---

[4] Saba seeks here only to hold IP Learn to its interrogatory responses as they relate to SuccessMaker. As to the Hirmanpour thesis, IP Learn refused to make any response, arguing that until Saba formally amended its invalidity contentions to include the thesis, IP Learn was under no obligation to respond to any interrogatory related to that reference. (Melaugh Decl., Ex. N at 9-12.) While Saba believes this objection has absolutely no merit, it does not wish to address this matter in the course of summary judgment briefing.