NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IP Learn, LLC, | NO. 5:02-cv-02634-JW |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| Saba Software, Inc., | |
| Defendant. | |

## I. INTRODUCTION

Defendant Saba Software, Inc. ("Defendant") filed two motions for summary judgment, both of which were noticed for hearing on June 9, 2003. The first motion seeks summary judgment of non-infringement and invalidity as to U.S. Patent Nos. 5,779,486, 5,934,909 and 6,118,973. The second motion seeks summary judgment of non-infringement regarding U.S. Patent Nos. 6,126,448 and 6,398,556. Pursuant to Civil Local Rule 7-1(b), the Court finds these motions appropriate for submission on the papers without oral argument. Based on all papers filed to date, the Court denies the motions for the reasons set forth below.

## II. BACKGROUND

Plaintiff IP Learn, LLC, ("IP") is a company founded by Peter P. Tong and Chi Fai Ho, the

inventors of the patents at issue in this dispute. IP Learn is in the business of licensing and enforcing the patents obtained by its founders. Mr. Tong is also an attorney and both an inventor and the prosecutor of these patents.

Defendant Saba Software, Inc. ("Saba") is a company which provides learning management systems for businesses. One of its product series, "Saba Learning," is accused of infringing IP's patents. This system comes in two editions, ASP and Enterprise. ASP is the simpler of the two systems and can be accessed over the internet by users. Enterprise requires installation at the client's site and provides a more robust feature set. IP accuses only Enterprise, and not ASP, as infringing its patents.

In one of its motions, Saba moves for summary judgment of non-infringement and invalidity of U.S. Patent Nos. 5,779,486, (the "'486 patent") 5,934,909 (the "'909 patent"), and 6,118,973 (the "'973 patent") (collectively, the "'486 family), all of which relate to a computer-aided learning system that analyzes prior-to-latest and latest test results and generates recommendations based on that analysis. Saba contends that the Enterprise is not such a system and that the '486 patents are invalid based on the existence of prior art which anticipates the claims contained in these patents.

In its other motion, Saba moves for summary judgment of non-infringement of U.S. Patent Nos. 6,126,448 ("the '448 patent") and 6,398,556 ("the '556 patent"). These patents both claim methods which Saba contends are not methods utilized in its products. These motions are discussed in greater detail below.

### III. STANDARDS

#### A. Patent Infringement

Summary judgment of noninfringement is appropriate where the patent claims do not read on the accused product to establish literal infringement and the prosecution history precludes infringement under the Doctrine of Equivalents. Townsend Engineering Co. v. HiTec Co., 829 F.2d 1086, 1089 (Fed. Cir. 1987); Chemical Engineering Corp. v. Essef Industries, Inc., 795 F.2d 1565, 1571-73 (Fed. Cir. 1986). Determination of a patent infringement claim is a two-step process. The first step is interpreting the claims to determine their scope. The second step is determining whether the properly interpreted claims encompass the accused product. Moleculon Research Corp. v. CBS, Inc., 793 F.2d 1261, 1269-70 (Fed.

Cir. 1986). Infringement is found where every limitation of a patent claim is met by the accused product exactly or by a substantial equivalent. Lemelson v. U.S., 752 F.2d 1538, 1551 (Fed. Cir. 1985).

In order for an accused device to literally infringe a patent claim, the accused device must literally meet each limitation of that claim. Hi-Life Products, Inc. v. American National Water-Mattress Corp., 842 F.2d 323, 325 (Fed. Cir. 1988). Even if there is no literal infringement, however, infringement may be found under the Doctrine of Equivalents if an accused device performs substantially the same overall function, in substantially the same way, to obtain substantially the same overall result as the claimed invention. Pennwalt Corp. v. Durand-Wayland, Inc., 833 F.2d 931 (Fed. Cir. 1987).

The starting point of a claim interpretation analysis is the language of the claims themselves. Intervet America, Inc. v. Kee-Vet Laboratories, Inc., 887 F.2d 1050, 1053-54 (Fed. Cir. 1989). In Markman v. Westview Instruments, Inc., 1995 WL 146983, *6 (Fed. Cir. 1995), the Federal Circuit Court held that interpretation and construction of patent claims, which define the scope of the patentee's rights under the patent, is a matter of law exclusively for the Court. Id. at *1. The Court has the power and obligation to construe as a matter of law the meaning of language used in the patent claim. Id. at *8. As such, "[a] patent covers the invention or inventions which the Court, in construing its provisions, decides that it describes and claims." Id.

"To ascertain the meaning of claims, we consider three sources: the claims, the specification, and the prosecution history." Id. at *9 (quoting Unique Concepts, Inc. v. Brown, 939 F.2d 1558, 1561 (Fed. Cir. 1991). "Expert testimony, including evidence of how those skilled in the art would interpret the claims, may also be used." Id. (quoting Fonar Corp. v. Johnson & Johnson, 821 F.2d 627, 631 (Fed. Cir. 1987).

### B. Patent Validity

When determining the validity of a particular patent, the Court operates pursuant to the presumption that every patent is valid. 35 U.S.C. § 282. A party seeking to overcome this presumption must present clear and convincing evidence that the patent is invalid. Perkin-Elmer Corp. V. Computervision Corp., 732 F.2d 888, 894 (Fed. Cir. 1989). A summary judgment of invalidity based on obviousness is appropriate where there are no genuine issues of material fact. Ryko Manufacturing Co. v. Nu-Star, Inc.,

950 F.2d 714, 716 (Fed. Cir. 1991). Whether patent claims are invalid under § 103 is a question of law based on the underlying facts. Electro Medical Systems, S.A. v. Cooper Life Sciences, Inc., 34 F.3d 1048, 1052 (Fed. Cir. 1994).

To determine whether an invention is obvious pursuant to 35 U.S.C. § 103, the factfinder should first consider the scope and content of the prior art, the differences between the prior art and the claims at issue and the level of ordinary skill in the pertinent art at the time the invention was made. Graham v. John Deere Co., 383 U.S. 1, 17-18 (1966).

Next, the factfinder should examine certain objective factors, such as, (1) whether the alleged invention was commercially successful, (2) whether the alleged invention satisfied an unfulfilled need in the art, (3) whether others were unsuccessful in making the alleged invention, (4) whether the invention was copied by others, (5) whether the invention received praise from others knowledgeable about the art and (6) whether the invention departed from accepted principles of the art. Graham, at 17-18.

### IV. DISCUSSION

A.  Motion for Summary Judgment Re: '486 Patent Family

As noted above, Saba moves for summary judgment as to the '486 patent family on the bases of non-infringement and invalidity. Since these arguments require the application of different standards, the Court addresses each separately.

1.  Infringement

As stated in the standard set forth above, the Court must first determine the scope of the claims in order to adjudge infringement in this case. Saba notes that the Court has already issued an order construing four terms from the claims of the '486 patent family. Saba concedes, however, that IP claims that three additional terms require construction. IP contends that the Court must construe the terms relationship rules, pre-requisite rules and inference engine. Saba stipulates, for purposes of this motion only, to IP's proposed construction for these terms. Using such construction, Saba argues that it cannot be found to infringe the claims in the '486 patent family.

The second step in determining infringement is assessing whether the properly interpreted claims encompass the accused product. Moleculon Research Corp. v. CBS, Inc., 793 F.2d at 1269-70.

4

Infringement is found where every limitation of a patent claim is met by the accused product exactly or by a substantial equivalent. Lemelson v. U.S., 752 F.2d at 1551. The Court reviews the claims presented in the '486 patent family in order to complete this step.

    a.    "analyzing the student's prior-to-the-latest....test results using the set of [analysis] rules to generate a recommendation"

Sixteen of the claims contained in the IP '486 family patents include the step of "analyzing the student's prior-to-the-latest...test results using the set of [analysis] rules to generate a recommendation."[1] Saba contends that its learning system does not perform this function since its system checks only the latest test scores of the student. The Saba system does not compare the tests the student takes - it cares only about the present test. In addition, Saba contends that its system does not use a set of analysis rules to generate a recommendation. Instead, the Saba system simply grades the student's present test and determines whether the score is passing. If the student passes the test, then the system certifies the student. If he or she fails the test, then the system retains the student at his or her present competency level.

IP argues that the Saba system performs the function of this claim since multiple tests are taken at different times and the scores on those tests are weighted and used to provide an overall score for a course or learning offering. See Declaration of William Horton, p. 14 at lines 16-19. In addition, IP contends that the Saba system uses several types of analysis rules, including the weighing of test scores, to identify "competency gaps" and recommend learning materials to close those gaps. Id. at p. 15, lines 19-23.

Saba responds that IP cannot create triable issues of fact by submitting expert testimony which varies from, and presents arguments different than, the "preliminary infringement contentions" ("PICs") IP submitted in this case. Saba contends that the PICs cannot be amended or modified absent court order. See Patent Local Rule 3-7. However, Saba fails to note that a party may, without leave of court, file "Final Infringement Contentions" following the Court's claim construction. Patent Local Rule 3-6(a). Since Saba concedes that IP argues that additional terms relevant to these claims need to be construed, the Court cannot and does not presume for purposes of this motion that IP's PICs are its final contentions.

---

[1] Claims 1 and 2 of the '486 patent, as well as claims 1, 2, 4, 8, 11 and 12 of the '909 patent and claims 1, 2, 9, 10, 11, 12, 16 and 24 of the '973 patent contain this language.

Based on the entire record submitted, as well as on the Declaration of William Horton and the literature and exhibits presented, the Court finds that triable issues of fact exist regarding whether the Saba system performs the step of "analyzing the student's prior-to-the-latest...test results using the set of [analysis] rules to generate a recommendation." Therefore, the Court finds that summary judgment cannot be entered in favor of Saba as to these asserted claims in the '486 patent family.

b. "analysis rules, with a plurality of the rules being subject-specific"

Eight of the claims contained in the IP '486 family patents include the step that a plurality of the "analysis rules" applied to test results be "subject-specific."[2] Saba argues that its system does not perform this function since there is nothing "specific to a subject" in its program. Rather, the system simply scores tests based on numerical scales.

IP counters that Saba's system includes subject-specific rules since its program calculates and uses test scores which vary from one part of a subject to another or from one subject to another. See Horton Declaration at p. 20, lines 21-24.

Based on the entire record submitted, as well as on the Declaration of William Horton and the literature and exhibits presented, the Court finds that triable issues of fact exist regarding whether the Saba system applies "analysis rules, with a plurality of the rules being subject-specific." Therefore, the Court finds that summary judgment cannot be entered in favor of Saba as to these asserted claims in the '486 patent family.

\\\

c. "relationship rules, which determine the relationship between at least two line-items" for "performing inferences on the one or more scores based on the set of relationship rules to generate a recommendation."

Four of the claims contained in the IP '486 family patents include the limitation that "relationship rules" which apply to "line-items" are used to "perform inferences on the one or more scores based on

---

[2] Claims 1, 2, 54 and 55 of the '486 patent, as well as claims 2 and 29 of the '909 patent and claims 2 and 23 of the '973 patent contain this language.

the set of relationship rules to generate a recommendation."[3] Again, Saba contends that its system does not perform this function. IP argues that the Saba system performs this function since relationship rules are used to relate line-items to make inferences to generate recommendations. See Melaugh Declaration, Exh. F at pp. 19-20.

Based on the entire record submitted, as well as on the declarations, literature and exhibits presented, the Court finds that triable issues of fact exist regarding whether the Saba system applies "relationship rules" which apply to "line-items" are used to "perform inferences on the one or more scores based on the set of relationship rules to generate a recommendation." Therefore, the Court finds that summary judgment cannot be entered in favor of Saba as to these asserted claims in the '486 patent family.

   d. "complexity-hierarchy to....overall scores to generate a recommendation."

Three of the claims contained in the IP '486 family patents include the step of applying a "complexity-hierarchy to....overall scores to generate a recommendation."[4] Saba contends that its system does not include a "complexity-hierarchy." Moreover, Saba argues that, although its certifications can be arranged in paths, such path structure is not applied to overall scores. Rather, Saba's system focuses only on whether an employee has passed each of the offerings and does not apply a hierarchy to overall scores.

IP responds that the Saba system, by independently weighing tests and portions of tests within its system, is employing a complexity-hierarchy in test scoring and analysis. Horton Declaration at p. 21, ¶s 56-59. These scores are then used to generate a recommendation as to what the employee should do next. Id.

Based on the entire record submitted, as well as on the Horton Declaration, literature and exhibits presented, the Court finds that triable issues of fact exist regarding whether the Saba system applies a "complexity-hierarchy to....overall scores to generate a recommendation." Therefore, the Court finds that

---

[3] Claims 8 and 23 of the '909 patent and claims 10 and 19 of the '973 patent contain this language.

[4] Claims 11 and 21 of the '909 patent and claim 9 of the '973 patent contain this language.

United States District Court
For the Northern District of California

summary judgment cannot be entered in favor of Saba as to these asserted claims in the '486 patent family.

   e.  "test including questions from more than one line-item."

Two of the asserted claims contained in the IP '486 family patents require the use of a "test including questions from more than one line-item."[5] However, IP contends that this portion of Saba's motion cannot be adjudicated at this time because the language in the preamble to claims 20 and 25 of the '973 patent has not been construed as limiting. In order to determine this motion in Saba's favor, such language would have to be deemed limiting. In addition, even assuming that the disputed language was read into the claims, IP argues that Saba Learning enables the use of a test which includes questions from more than one line item. See Horton Declaration at ¶ 60.

Based on the entire record submitted, as well as on the Horton Declaration, literature and exhibits presented, the Court finds that triable issues of fact exist regarding whether the Saba system includes "test questions from more than one line-item." Therefore, the Court finds that summary judgment cannot be entered in favor of Saba as to these asserted claims in the '486 patent family.

   2.  Invalidity

Saba next contends that the claims of the '486 patent family are anticipated by the "Hirmanpour Thesis," as well as by the "SuccessMaker" product offered by Computer Curriculum Corporation. Each of these contentions are addressed separately below.

   a.  Hirmanpour Thesis

In 1980, Iraj Hirmanpour, a doctoral candidate at Florida Atlantic University, published his thesis entitled, "A Computerized Model for Placement and Diagnostic Testing in College Remedial Mathematics." ("Hirmanpour"). Hirmanpour sets forth a computerized method of conducting diagnostic testing using "learning hierarchies," divided into main topics, subordinate topics and sub-subtopics. The software was designed to administer an initial test to a student, analyze the results and analyze the tasks which the student has not yet mastered. It then administers a second test focused only on the skills not

---

[5] Claims 20 and 25 of the '973 patent contain this language.

1 mastered in the first test. Based on the test results, a report is generated based on the student's
2 performance and the areas where additional help is needed are identified.

3 Saba contends that Hirmanpour qualifies as prior art to the asserted claims under 35 U.S.C. §
4 102(a) and (g), since it was published in 1980 and the filing date of the earliest of the '486 patents is
5 March 19, 1996. Saba argues that Hirmanpour invalidates the asserted claims of the '486 patent family.

6 IP responds that Hirmanpour does not anticipate the claims of the '486 patent because the system
7 is a simple two-test program for diagnosing math skills. Hirmanpour does not and cannot "analyze prior-
8 to-the-latest tests results" since it only operates on a two-test system. In Hirmanpour, a student takes the
9 first test. That test is then scored and the student's deficiencies, if any, noted. The second test is then taken
10 by the student. The second test consists solely of those questions which the student missed on the first test.
11 The second test's scores are then totaled and any deficiencies noted. IP's expert contends that this
12 operation does not suggest the use of both prior-to-the-latest and latest test results to render
13 recommendations. Horton Declaration at ¶s 121-123.

14 In addition, IP argues that Hirmanpour does not use subject-specific analysis rules. Rather, the
15 system uses fixed analysis rules since it does not permit the threshold passing level, which is 80% (or four
16 out of five questions answered correctly) to be modified. The '486 patent family claims subject-specific
17 analysis rules which permit various threshold levels depending on the subject. Id. at 124-125.

18 Based on the record submitted, the Court finds that triable issues of material fact exist regarding
19 whether Hirmanpour anticipates the claims contained in the '486 patent family. Therefore, the Court finds
20 that Saba is not entitled to summary judgment as to its claim that the '486 patent family claims are invalid
21 based on Hirmanpour.

22   b.  SuccessMaker

23 Saba also contends that the '486 patent family claims are invalid based on a product offered by
24 Computer Curriculum Corporation known as "SuccessMaker." The SuccessMaker software system
25 divides subjects into line-items, called strands, and keeps track of a student's performance on tests. The
26 system records test results and recommends further exercises in weak areas based on the results. Saba
27 argues that the SuccessMaker qualifies as prior art under 35 U.S.C. §§ 102(a), (b) and (g).

28

9

IP responds that the SuccessMaker does not anticipate the claims contained in the '486 patent family because there is no evidence submitted which shows that the system includes a recommendation generator for analyzing a student's prior-to-the-latest and latest test results. Horton Declaration at ¶s 136-140. Instead, the system uses only the latest test results. Id. at ¶ 137.

Based on the record submitted, the Court finds that triable issues of material fact exist regarding whether SuccessMaker anticipates the claims contained in the '486 patent family. Therefore, the Court finds that Saba is not entitled to summary judgment as to its claim that the '486 patent family claims are invalid based on SuccessMaker.

B.  Motion for Summary Judgment Re: '448 and '556 Patents

Saba also moves for summary judgment based on its non-infringement of the '448 and '556 patents. With respect to the '448 patent, Saba contends that it does not infringe independent claims 1 and 35 because its program Saba Learning does not "search and extract documents" and "create learning materials." With respect to the '556 patent, Saba contends that it does not infringe independent claims 1, 25 and 53 because its clients do not pay to access personal material.

1.  '448 patent

Independent claims 1 and 35 of the '448 patent claim a method and apparatus, respectively, for "searching at least some of the documents to extract more than one documents to be the learning materials." Saba contends that the Saba Learning program does not enable "searching of documents to extract documents to be the learning material." Rather, Saba alleges that the employer creates the learning materials and places them in a catalogue offering. These materials are then accessible only by enrolling in that catalogue offering.

IP responds that Saba Learning, and in particular Saba Content, enables document searching within the Content Repository. See Horton Declaration at ¶ 64-67. In addition, IP notes that these programs enable documents, once searched, to be extracted. Id. at ¶s 68-71.

Based on the entire record submitted, as well as on the Horton Declaration, literature and exhibits presented, the Court finds that triable issues of fact exist regarding whether the Saba system is capable of "searching and extracting documents to be the learning materials." Therefore, the Court finds that

10

summary judgment cannot be entered in favor of Saba as to the independent claims in the '448 patent.

2. '556 patent

Independent claims 1, 25 and 53 of the '556 patent each involve a step in which an "institute user pays to access materials regarding at least one learning user." Saba contends that it does not infringe these claims because its clients pay to license Saba Learning, a software product, and for related technical and development support. Therefore, Saba argues that its clients do not pay to access materials regarding at least one learning user.

IP contends that when customers pay licensing fees to Saba, they are paying Saba to develop and access personal information. Horton Declaration at ¶ 72, 73. Therefore, it argues that this meets the claims requirements that an "institute user pays to access materials regarding at least one learning user."

Based on the entire record submitted, as well as on the Horton Declaration, literature and exhibits presented, the Court finds that triable issues of fact exist regarding whether SAA's clients "pay to access materials regarding at least one learning user." Therefore, the Court finds that summary judgment cannot be entered in favor of SAA as to the independent claims in the '556 patent.

## V. CONCLUSION

For the reasons just discussed, the Court denies Saba's motions for summary judgment. The Court finds that triable issues of fact, as identified above, preclude the entry of judgment in favor of Saba.

Dated: 6/12/03     /s/ James Ware
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brandon D. Baum    bbaum@cooley.com

Frederick S. Chung    fchung@mofo.com

Thomas J. Friel    tfriel@cooley.com, fnyland@cooley.com

Michael A. Jacobs    mjacobs@mofo.com, cknisely@mofo.com

11

Andrew A. Kumamoto    kumamotoaa@cooley.com, prussell@cooley.com

David E. Melaugh    dmelaugh@mofo.com, cpeplinski@mofo.com

Wesley E. Overson    woverson@mofo.com

B. Douglas Robbins    drobbins@cooley.com,

Wayne O. Stacy    wstacy@cooley.com,

Jon Y. Ikegami
Cooley Godward LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

**Dated: 6/12/03**                                **Richard W. Wieking, Clerk**

                                                   **By:_chambers_____**
                                                   **    Ronald L. Davis**
                                                   **    Courtroom Deputy**

**United States District Court**
For the Northern District of California